ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, et al., </br></br>Petitioners, </br></br>v. </br></br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., </br></br>Respondents, </br></br>EARTHWORKS, et al., </br></br>Intervenors. | No. 24-1242, and consolidated cases |

**JOINT MOTION TO CONTINUE HOLDING CASES IN ABEYANCE**

The Parties in the above-captioned, consolidated cases respectfully and jointly move this Court to continue holding these cases in abeyance for 90 more days to allow for consolidation with any petitons for review of EPA's recent actions on reconsideration, with motions to govern further proceedings due April 9, 2025.

In support of this motion, the Parties state as follows:

1. Petitioners in these consolidated cases challenge a final rule promulgated by the U.S. Environmental Protection Agency ("EPA") entitled,

"Greenhouse Gas Reporting Rule: Revisions and Confidentiality Determinations for Petroleum and Natural Gas Systems," 89 Fed. Reg. 42,062 (May 14, 2024) ("Rule").

2. Petitioners submitted to EPA administrative petitions to reconsider[1] the Rule.

3. On September 26, 2024, the Parties jointly asked the Court to put this case in abeyance for 100 days to allow the Parties additional time to confer, including time for EPA to review Petitioners' administrative petitions for reconsideration of the challenged rule that, if granted, might address issues raised in this litigation. *See* ECF 2077078. This Court granted that motion. *See* ECF 2077219.

4. EPA has since taken final action on issues raised within the administrative petitions for reconsideration that EPA believes are relevant to this litigation, and EPA believes one additional 90-day abeyance is warranted to allow for consolidation of this case with any petitions for review of those reconsideration actions. Specifically, on December 20, 2024, EPA issued letters to three Petitioners

---

[1] One Petitioner specifically requested that EPA reconsider the Rule. Three Petitioners instead requested that EPA make changes to the Rule. For simplicity, this motion refers to all of the administrative petitions as administrative petitions to reconsider.

2

explaining EPA's intent to undertake a rulemaking process with respect to three discrete, measurement-related issues, without determining whether Petitioners' objections with respect to those issues met the Clean Air Act's criteria for reconsideration in 42 U.S.C. § 7607(d)(7)(B).[2]

5.     On December 26, 2024, EPA issued additional letters in which EPA partially denied Petitioners' requests for reconsideration as to four issues.[3] EPA attached to each letter a single, combined explanation of the basis for its partial denial. Those four issues overlap with those raised in Petitioners' statements of issues in this litigation, including, for example, the lawfulness of the Rule's reporting requirements for other large release events, *see, e.g.,* ECF 2070121 at 4, or the lawfulness of the Rule's requirement to report combustion emissions under subpart W as opposed to subpart C, *see* ECF 2070106 at 1, ECF 2070331 at 4–5.

6.     In the December 26, 2024 letters, EPA stated that it was not acting on the remainder of the administrative petitions for reconsideration at this time.

7.     Petitioners may petition for judicial review of the partial denials of reconsideration.

---

[2] https://www.epa.gov/inflation-reduction-act/2024-response-petitions-reconsideration-or-revision-epas-2024-revisions-and

[3] *Id.*

3

8. The Parties agree that any petitions for judicial review of the partial denials of reconsideration should be consolidated with these cases.

9. The Parties agree to holding these cases in abeyance for 90 days to allow sufficient time for, among other things, Petitioners to file any petitions for judicial review of the partial denial actions, consolidate such challenges with this litigation, sever any related issues taken under reconsideration, and coordinate further about an appropriate briefing schedule.

10. Holding these cases in abeyance for 90 additional days will promote judicial efficiency and conserve the resources of the Court and the Parties.

For these reasons, the Parties respectfully and jointly request that the Court hold these cases in abeyance for 90 days and direct the Parties to file motions to govern further proceedings by April 9, 2025.

DATE: January 10, 2025

OF COUNSEL:

ANDREA CARRILLO
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

Respectfully submitted,
TODD KIM
*Assistant Attorney General*

/s/ *Amanda V. Lineberry*
AMANDA V. LINEBERRY
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3553

4

amanda.lineberry@usdoj.gov

*Counsel for Respondents*

*/s/ Michael B. Schon*
Michael B. Schon
Steven P. Lehotsky
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
(512) 693-8350

Mithun Mansinghani
LEHOTSKY KELLER COHN LLP
619 W. Main St.
Oklahoma City, OK 73102

Jared B. Magnuson
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305

*Counsel for American Petroleum Institute*

*/s/ R. Clay Taylor*
R. Clay Taylor
John H. Bernetich
Jennifer L. Biever
WILLIAMS WEESE PEPPLE & FERGUSON PC
1801 California Street, Suite 3400
Denver, CO  80202
Phone: 303-861-2828

*Counsel for American Exploration & Production Council*

*/s/ Aaron M. Flynn*
Aaron M. Flynn
Allison D. Wood
Makram B. Jaber
McGuireWoods LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
(202) 857-2420
aflynn@mcguirewoods.com
awood@mcguirewoods.com
mjaber@mcguirewoods.com
*Counsel for GPA Midstream Association*

*/s/ James D. Elliott*
James D. Elliott (DC Bar #46965)
Spilman Thomas & Battle, PLLC
1100 Bent Creek Boulevard, Suite 101
Mechanicsburg, PA  17050
Phone: (717) 791-2012
Fax: (717) 795-2743

*Counsel For The Independent Petroleum Association Of America, Arkansas Independent Producers And Royalty Owners,  Domestic Energy Producers Alliance, Eastern Kansas Oil & Gas Association, Gas And Oil Association Of West Virginia, Illinois*

5

*Oil & Gas Association, Independent Petroleum Association Of New Mexico, Indiana Oil And Gas Association, International Association Of Drilling Contractors, Kansas Independent Oil & Gas Association, Kentucky Oil & Gas Association, Michigan Oil and Gas Association, National Stripper Well Association, North Dakota Petroleum Council, Ohio Oil And Gas Association, Petroleum Alliance Of Oklahoma, Panhandle Producers & Royalty Owners Association, Pennsylvania Independent Oil & Gas Association, Permian Basin Petroleum Association, Texas Alliance of Energy Producers, Texas Independent Producers & Royalty Owners Association, and Western Energy Alliance*

*/s/ Mary Sasso*
Mary Sasso
Francis W. Sturges, Jr.
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(617) 624-0234
msasso@catf.us
fsturges@catf.us

*Counsel for Earthworks*

*/s/ Andres Restrepo*
Andres Restrepo
Katherine Ramsey
Sierra Club
50 F St., NW, Eighth Floor
Washington, DC 20001
(415) 977-5725
Andres.Restrepo@sierraclub.org

*Counsel for Sierra Club*

*/s/ Edwin LaMair*
Edwin LaMair
Grace Smith
Rosalie Winn
Peter Zalzal
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7212
elamair@edf.org
gsmith@edf.org
rwinn@edf.org
pzalzal@edf.org

Sean H. Donahue
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 277-7085
sean@donahuegoldberg.com

*Counsel for Environmental Defense Fund*

6

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 589 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point font.

*/s/ Amanda V. Lineberry*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Amanda V. Lineberry*